Deaderick, J.,
delivered tbe opinion of tlie court:
Tbe plaintiff in. error was convicted in tbe law court of Madison county, for unlawfully carrying a pistol, and bas appealed to tbis court.
Tbe exception taken to tbe clerical mistake- in tbe names o-f two of the grand jurors may be considered as settled by tlie admissions of record, that, although one was written A. A. Moore, when it should have been A. P. Moore, and tbe other was written W. IT. Shelton instead of TI. W. Shelton, yet they were tbe men who were selected and acted as grand jurors in finding tbe indictment.
Tbe state proves that plaintiff in error, on bis way home from Jackson, passed tbe bouse of witness, Estes, in the evening, walking, and stopped and fired off bis pistol. "Witness saw the pistol in bis- possession — a five-shooter.
Plaintiff in error then offered to, prove by Land, who accompanied him to- town, who saw plaintiff in error with tbe pistol, that be told Land that be was taking it to> town to get Mr, Christian to repair it.
This was objected to and excluded. Witness states that tbe pistol was out of repair — the spring would not bold tbe barrel to- its place. ITe also offered to- prove by Christian, of whom be bad bought tbe pistol, that be applied to- him to repair it that day. Tbis was also excluded, on objection made by tbe attorney-general.
Edwards testified that defendant’s pistol was in bis (wit *681 ness") possession early in April, 1875; that it was ont of repair; that the spring which held the barrel to the stock had been broken, etc. Plaintiff in error offered to prove by this witness that he got the pistol the day he went to Jackson, from witness, stating he was going to Jackson to get it repaired, etc. This was also objected to and excluded.
We are of opinion that this evidence was improperly excluded. Plaintiff in error is presented for unlawfully carrying a pistol. The evidence does not show whether he carried it in his hands or concealed it on his person, and we think it is competent to show that he carried it for a lawful purpose.
If his object in carrying it to town was to have it repaired, he might lawfully do this, and his declarations made contemporaneously with the act in question, while shooting, ór on his way to town, are admissible to illustrate the character of the act. Whether such declarations were made in good faith, or were untrue, was a question for the jury to determine. [Yeatman v. Hart], 6 Hum., 375; 1 Gr. Ev., sec. 108, and note, and sec. 109; [Carroll v. State], 3 Hum., 315; [Kirby v. State], 9 Yer., 383; 1 Stark Ev., 48.
So the fact that he, applied to Christian to repair the pistol was admissible.
Reverse the judgment, and remand the cause for a new trial.